# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| JENNIFER THOMPSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No.: |
| V. ) | |
| ) | |
| NORTH ALABAMA FAMILY ) | JURY TRIAL DEMANDED |
| MEDICINE LLC, ) | |
| ) | |
| DEFENDANT(S). ) | |

## COMPLAINT

**JURISDICTION**

1. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

**PARTIES**

2. Plaintiff, Jennifer Thompson, ("Plaintiff" or "Thompson") is a resident of Huntsville, Madison County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Northeastern Division.

3. Defendant North Alabama Family Medicine ("Defendant") is a company registered and doing business in the State of Alabama and has sufficient

minimum contacts with the State of Alabama. It is subject to service of process in Alabama.

**FACTS**

4. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

5. Plaintiff began employment with defendant on or about September 2009 as a Medical Assistant.

6. Defendant terminated Plaintiff's employment on or about February 2, 2018 .

7. Plaintiff is a woman of African ancestry.

8. Thompson began her employment with North Alabama Family Medicine (NAFM) in September of 2009.

9. North Alabama Family Medicine hired Thompson to work in the position of Medical Assistant/Office Manager.

10. North Alabama Family Medicine is owned and operated by Dr. Marilyn Salada Ligon.

11. Dr. Ligon was Thompson's direct supervisor and also her personal physician.

12. While working at North Alabama Family Medicine, Ligon gave the Plaintiff positive performance appraisals.

13. Over the course of the Plaintiff's employment, the Dr. Ligon began to make discriminatory comments about people of African ancestry.

14. Ligon also admitted that she was becoming racist and that she was glad the Plaintiff was 75% white.

15. On February 2, 2018, North Alabama Family Medicine terminated Thompson's employment.

16. North Alabama Family Medicine said that it was terminating Thompson's employment because she lied.

17. Thompson never lied or behaved in a dishonest manner while working at North Alabama Family Medicine.

18. North Alabama Family Medicine employed Maurice Salada.

19. Maurice Salada is a man of Asian ancestry.

20. Maurice Salada lied about billing and insurance claims.

21. North Alabama Family Medicine was aware of Maurice Salada's behavior.

22. North Alabama Family Medicine fired Salada for lying about billing and insurance claims but rehired him.

23. North Alabama Family Medicine employed Janna Morris.

24. Morris is a woman of European ancestry.

25. Morris lied about her ability to draw blood, her ability to refill prescriptions via the computer system, and her ability to refer patients to other healthcare providers.

26. North Alabama Family Medicine was aware of Morris's behavior.

27. North Alabama Family Medicine continued to employ Morris after learning of her lies about her ability to draw blood, her ability to refill prescriptions via the computer system, and her ability to refer patients to other healthcare providers.

**COUNT ONE 42 U. S. C. § 1981 DISCHARGE**

28. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

29. Plaintiff is a person of African ancestry.

30. Plaintiff was qualified for the position of medical assistant and office manager.

31. On or about February 2, 2018, Defendant terminated Plaintiff's employment.

32. Because of Defendant's discriminatory decision made in whole or in part because of race, Plaintiff has lost pay and continues to be paid less.

33. Because of Defendant's violation of 42 U. S. C § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

34. Defendant's decision to terminate Plaintiff's employment was made, in whole or part, because of race in violation of 42 U. S. C. § 1981.

35. Because of Defendant's violation of 42 U. S. C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position would have had, had not been terminated;

C. Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

F. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

G.

_/s/ Kira Fonteneau_
Kira Fonteneau

OF COUNSEL:
**The Fonteneau Firm LLC**
**A Member of the 5 Points Law Group LLC**
2151 Highland Avenue South, Ste. 205
Birmingham, AL  35205
T: 205.564.9005 F: 205.564-9006

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**North Alabama Family Medicine**

**101 Westover Circle**

**Madison, AL 35756**